No. 5796.

TEMPLE S. COONS vs. JOHN W. CANNON ET AL.

The defendants, being only trustees or agents for the persons owning the steamer Katie, are not in a position to stand in judgment for the owners of the boat. If there has been a dereliction of duty on the part of the trustees, the plaintiff, it would seem, occupies the rather anomalous attitude of suing others for a neglect of duty for which he is equally culpable himself as co-agent or trustee.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *Alfred Shaw, Thomas Hunton*, and *F. B. Earhart*, for plaintiff and appellant. *Bentinck Egan*, and *Randolph, Singleton & Browne*, for defendants and appellees.

TALIAFERRO, J. The plaintiff alleges that he is owner of the interest in and claim against the steamboat Katie formerly held by J. Pinckney Smith, estimated at $7836 82, reduced by payments to $3036 82, which remains due; that the Katie was sold at marshal's sale, and, by agreement among the creditors of the boat, William Fagan became the purchaser, acting in their interest, and subsequently sold the boat to John W. Cannon, who executed a mortgage on the boat and bound himself to pay, from the earnings of the boat, the said claim now held by Coons; that a committee, composed of the said Fagan, Edward Conery, P. G. Bigly, and D. C. McCan, and the plaintiff, were appointed by the mort-

gage creditors of the boat, and recognized by said Cannon, who bound himself that the said committee should take charge and custody of the boat, put on board a master and clerk, the latter of whom was to take charge of the earnings of the boat, make statements of the earnings and expenses of each trip, and, after paying lawyers' fees, costs, running expenses, insurance, and repairs, turn over the remainder to the said committee whenever he shall have five thousand dollars on hand. The plaintiff avers that said Cannon has failed to comply with the stipulations he made in this contract, and charges that, through the fraudulent action of the said Cannon, to the full knowledge of Fagan, Conery, and McCan, and by their connivance, the earnings of the boat, amounting to sixty-five thousand dollars, have been diverted and are unaccounted for; that Cannon is indebted to him for his proportional amount of net revenues, twenty-two thousand dollars; for $3036 82, for which he claims a privilege on the boat; that said Fagan, Cannon, Conery, and McCan are bound *in solido* for forty-five thousand dollars damages. He prays judgment *in solido* against all the parties for $3036 82, with recognition of privilege against J. W. Cannon for twenty-two thousand dollars, and against all the parties *in solido* for forty-five thousand dollars damages. He prays for a writ of injunction against the defendants, restraining the defendants from selling the boat, and for a writ of sequestration to prevent the removal of the boat from the jurisdiction of the court.

The defendants, Fagan, Conery, and McCan, filed an exception to this suit on the ground that plaintiff's petition sets out no cause of action against them; that they are mere trustees or agents of a number of persons who are owners of the steamboat Katie, as shown by plaintiff's petition, and have no authority to stand in judgment for the owners of the boat; that plaintiff is estopped from prosecuting this suit, inasmuch as he, with the appearers, is one of the representatives of the owners of the steamboat Katie, and this suit is intended, and has the effect, of preventing appearers and the said plaintiff from performing the duties they assumed in the document annexed to his petition and marked B, and that the plaintiff, as one of the representatives of the owners of the boat, cannot sue his co-agents or representatives for his own neglect of duty, nor could he have any cause of action against his principals.

The judgment of the lower court sustained the exception, dissolved the injunction, and dismissed the case as of nonsuit.

The plaintiff appealed.

We think the judgment appealed from correct. It is clear the defendants are only trustees or agents for the persons owning the steamer Katie. This is shown by the plaintiff's own allegations in his petition. The defendants are not in a position to stand in judgment for the owners

of the boat. If there has been a dereliction of duty on the part of the trustees, the plaintiff, it would seem, occupies the rather anomalous attitude of suing others for a neglect of duty for which he is equally culpable himself. J. W. Cannon, against whom the plaintiff prays judgment, is not before the court.

For these reasons it is ordered that the judgment of the district court be affirmed with costs.

Rehearing refused.